SOUTHWICK, P. J„
for the Court:
¶ 1. Kenneth Smith was convicted of aggravated assault. Smith appeals asserting that, because the State was unable to produce or identify the weapon that caused the injuries, the trial court should have granted a new trial or a judgment notwithstanding the verdict. We disagree and affirm.
FACTS
¶ 2. William Boone was employed at Choctaw Maid Farms as a superintendent of shipping. On June 17, 1999, at approximately 11:45 p.m., he ordered the defen *1035 dant Kenneth Smith to put plastic wrap around a stack of boxes of chicken that were piled on a wooden pallet. Smith refused because he said that his back hurt. Boone’s and Smith’s testimony differed as to whether Boone then instructed Smith to go to a medical station because of his back, or whether Boone simply instructed Smith to wrap the boxes despite Smith’s objections. It was uncontroverted, however, that Smith did not wrap the boxes and instead continued on the task that he had been performing.
¶ 3. The witnesses were not consistent in describing what occurred next. Boone testified that he told Smith to go to the personnel office, and not only did Smith refuse to do so, but he also pushed him. Therefore, Boone met with a union representative who determined that Smith should be suspended pending an investigation into insubordination. Smith, however, testified that Boone told his immediate supervisor to “release” him. Smith believed that he had been fired.
¶ 4. Whatever occurred, Smith did not then immediately leave the plant. About an hour after the incident, or at approximately 1:00 a.m., Smith entered the plant cafeteria and saw Boone standing in a line. Smith admitted that he attacked Boone from behind, hitting him on the head and knocking off his hard hat. The hard hat was later found to have a hole punctured through it. Smith continued to strike Boone on his back. Boone stated he could feel himself being punctured in his back as these blows landed. Boone defended himself by pushing Smith into a wall several times, which separated Smith’s shoulder. That caused Smith to release him. Boone fell to the ground, and then got up and went to a medical station. Smith denied using any weapon when striking Boone. He contended that the wounds inflicted upon Boone were a result of Boone falling onto one of the short poles to which chains were connected to form an aisle for those getting food. However, one eyewitness stated that “blood jumped” from Boone’s back as the blows were struck, and another witness said the blows left bloody spots upon Boone’s clothes. No weapon was recovered.
ANALYSIS
¶ 5. The statutory definition of the crime for which Smith was convicted is this:
A person is guilty of aggravated assault if he ... (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
Miss.Code Ann. § 97-8-7(2) (Rev. 2000). Smith’s causing injury to Boone was uncontested. However, since no weapon was seen or found, the evidence that one was used was circumstantial. Whether that evidence was convincing was a matter for the jury. Davis v. State, 530 So.2d 694, 702 (Miss.1988). Smith admitted that he struck Boone on the head, leaving a hole in Boone’s hard hat. Photographs of Boone’s back showed multiple puncture wounds. Pictures also revealed that the lower third of one ear was nearly severed. Boone testified that he felt puncture wounds being inflicted as he was struck by Smith. Two witnesses testified that they saw Smith using “stabbing motions” as he struck Boone. That no weapon was found does not erase the effect of this testimony that some sort of sharp object must have been used.
¶ 6. Smith sought a directed verdict, peremptory instruction and judgment notwithstanding the verdict. Each tests the sufficiency of the evidence, a test that requires the evidence be viewed in the light most favorable to the verdict. May *1036 v. State, 460 So.2d 778, 780-81 (Miss.1984). Smith also wanted to be granted a new trial. The lesser standard for a trial judge’s grant of a new trial requires that the court be convinced that the verdict of the jury is so contrary to the weight of the evidence that to allow it to stand would be an unconscionable justice. Butler v. State, 544 So.2d 816, 819 (Miss.1989). In this case, there was credible evidence tending to show Smith used some instrument as a deadly weapon to inflict multiple puncture wounds. Therefore, the circuit did not err in denying these motions.
¶ 7. Finally, Smith contends that he should have been sentenced solely on simple assault. At the sentencing hearing, Smith represented to the court that a witness who testified for the State had recanted a portion of her testimony in a conversation with Smith’s wife. This new testimony allegedly was consistent with Smith’s theory that Boone’s injuries were sustained when he fell into a chain barrier supported by metal poles. At trial the State called a witness who testified that a chain barrier had once existed, but it had been replaced by a plastic and wood barrier by the date of the assault. At the sentencing hearing, Smith’s attorney contended that this rebuttal witness later realized that her testimony was in error, and that the chain barrier had still been in place on that date. This was in effect an argument that, based on newly discovered evidence, the trial judge by his sentencing authority should direct a verdict on aggravated assault and find guilt on simple assault.
¶ 8. The trial judge stated that the issue of the recanted testimony was a matter properly for a petition for post-conviction relief, not for the sentencing hearing. A post-trial motion is addressed to the discretion of the trial court. Birkley v. State, 750 So.2d 1245, 1255 (Miss.1999). If the allegedly recanting witness had actually testified that there was a metal barrier on the day of the assault, and regardless of whether other witnesses continued to testify that the barrier was only plastic and wood, Smith still would not have been entitled to acquittal of aggravated assault. At best, an additional consideration for the jury would have been presented. Witnesses saw Smith hitting Boone with a stabbing motion and blood immediately emerged from the wounds before Smith fell against anything. One witness said that Boone was trying to get whatever object Smith had in his hand away from him.
¶ 9.' Whether the barrier in the cafeteria was made of plastic or metal did not prove or disprove any element of the crime of aggravated assault. There is no showing that any element of the crime was unsupported by evidence. The circuit court did not err in denying the motion to reduce his conviction from aggravated assault to simple assault.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF THE CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND FINE OF $1,500.00 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.